**LUCAS, Commissioner of Internal Revenue, v. ST. LOUIS NATIONAL BASE-BALL CLUB.**

No. 8827.

Circuit Court of Appeals, Eighth Circuit.
July 19, 1930.

Rehearing Denied Aug. 23, 1930.

Randolph C. Shaw, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and Barham R. Gary, Sp. Assts. to the Atty. Gen., and C. M. Charest,

Gen. Counsel, Bureau of Internal Revenue, and Percy S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellant.

Lon O. Hocker, of St. Louis, Mo. (James C. Jones, Frank H. Sullivan, James C. Jones, Jr., and Ralph T. Finley, all of St. Louis, Mo., and Henry J. Richardson, of Washington, D. C., on the brief), for appellee.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

BOOTH, Circuit Judge.

This is a petition to review the order of the Board of Tax Appeals redetermining deficiency of the income tax of the appellee for the years 1922 and 1923.

The question at issue is whether the petitioner, the St. Louis National Baseball Club, and the Syracuse Baseball Club, both of them corporations, which were not affiliated for the first six months of the calendar year 1922, but were affiliated during the last six months, and which filed separate income returns for that year, were entitled to file a consolidated return for the year 1923 without having obtained the prior permission of the commissioner.

The important facts are as follows: From January 1, 1922, to July 3, 1922, the petitioner owned or controlled 50 per cent. of the stock of the Syracuse Baseball Club. On July 3, 1922, the petitioner acquired the remaining 50 per cent. of the stock, and throughout the balance of that year and throughout the calendar year 1923 continued to own and control the same. Both corporations filed separate returns of income for the year 1922. For the year 1923 the petitioner filed a consolidated return covering both its own income and that of the Syracuse Baseball Club. No permission to file this consolidated return had been obtained from the Commissioner of Internal Revenue. The Commissioner rejected the consolidated return for the year 1923, on the ground that both corporations had filed separate returns for the year 1922 and had obtained no permission from the Commissioner to make a change.

The relevant statutory provisions are as follows: Section 240(a) of the Revenue Act of 1921 (42 Stat. 260): "That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner."

A "taxable year" was defined by section 200 of the Act of 1921 (42 Stat. 227) as follows: "The term 'taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or 232. The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1921, shall be the calendar year 1921 or any fiscal year ending during the calendar year 1921."

Regulations of the Treasury Department, No. 62, article 632, relating to consolidated returns, issued February 15, 1922, reads as follows: "Consolidated returns.—Affiliated corporations, as defined in the statute and in article 633, for a taxable period beginning prior to January 1, 1922, are required to file consolidated returns, and for a taxable period beginning on or after January 1, 1922, may elect to file such returns. The return for the first taxable period beginning on or after January 1, 1922, may be made either upon a consolidated basis or as separate corporations, regardless of the manner in which returns for previous years were filed, but an election so made shall be binding upon the taxpayer as to the manner of reporting for subsequent years, unless express permission is obtained from the Commissioner to make a change in the method of reporting. In applying for permission to make such change the taxpayer should submit a statement in the form of an affidavit executed by a person qualified to sign the return (see sec. 239), setting forth the reasons for making the request."

And Article 634, prior to the amendment of June 14, 1927, reads as follows:

"Change in ownership during taxable year.—(a) Where corporations are affiliated at the beginning of a taxable year but due to a change in stock ownership or control during the year the affiliated status is terminated, or (b) where corporations are not affiliated at the beginning of the taxable year but through change of stock ownership or control during the year become affiliated, a full disclosure of the circumstances of such chang-

es of stock ownership shall be submitted to the Commissioner. Ordinarily in such cases the parent or principal company, under the conditions described in (a) above, should exclude from its return the income and invested capital of such subsidiary or subordinate company from the date of the change of stock ownership, and under the conditions described in (b) above, should exclude from its return the income and invested capital of such subsidiary or subordinate company from the date of the change of stock ownership. In either case the subsidiary or subordinate corporation whose status is changed during the taxable year should make a separate return for that part of the taxable year during which it was outside of the affiliated group.

"Where, in accordance with the procedure set forth above, a return is made by a corporation for a period less than a year, the tax shall be computed in accordance with sections 226 and 239 and the articles thereunder. In any case in which the change of consolidated status is for a period so short as to be negligible, a consolidated return or separate returns for the entire period, as the case may be, may be filed; in such cases, however, there should accompany the return a complete statement setting forth the changes in the affiliated status occurring during the taxable year."

The Board of Tax Appeals held that there had been no election by the two corporations to file separate returns for the year 1922; that the calendar year 1923 was the first "taxable year" for which an election of basis could be made. It therefore reversed the order of the Commissioner finding that there was a deficiency for the year 1923. It held that there was a deficiency for the year 1922, but this latter determination is not questioned. The order as to the year 1923 is the one here for review.

The basis for the ruling of the Board of Tax Appeals seems to be that, because the affiliation in 1922 was for a part of the year only, there could be no election under the statute for that year.

We think the case is controlled by the decision of this court in the case of Fidelity National Bank & Trust Co. v. Commissioner, 39 F.(2d) 58, 61. In that case, which was under the 1918 Revenue Act (40 Stat. 1057), a question arose whether corporations which were affiliated for only a portion of a taxable year should make separate return for the portion of the year in which they were not affiliated, and a consolidated return for the portion of the year in which they were affili-

ated. The same definition of "taxable year" appears in the 1918 Revenue Act as in the 1921 act, and the regulations of the Treasury Department were substantially the same. It was contended in that case that the law did not contemplate any division of a taxable year, and that the Commissioner was not authorized to require a consolidated return for a portion of the year in which the corporations were affiliated and separate returns for the balance of the year. This court held, however, that such a division of the year was proper, and that the Commissioner was authorized to require different returns for the different portions of the year. In its opinion the court, speaking of the Revenue Act of 1918, said:

"Our construction of the statute is that corporations which were affiliated for any substantial period during the year were required to make a consolidated return. Of course, if the affiliation did not exist during the whole of the year, the consolidated return would cover the portion only during which the affiliation existed. We think this construction is consistent with the wording of the statute. It also fulfils the canon of statutory construction that where the meaning is not perfectly clear from the words used, a reasonable construction should be given which will carry out the object and purpose of the statute. * * *

"Furthermore, this construction is the one which has been placed upon the statute from the beginning by the Commissioner of Internal Revenue in the regulations issued from time to time. Section 240 has been re-enacted by Congress, with minor changes, in the Revenue Acts of 1921 (42 Stat. 260), 1924 (43 Stat. 288, 26 USCA § 993), and 1926 (44 Stat. 46, 26 USCA § 993); and presumably Congress knew the construction placed upon the section by the Commissioner of Internal Revenue and the Secretary of the Treasury; yet, no change has been made in the wording to indicate that the regulations of the Commissioner requiring fractional year returns by affiliated corporations under circumstances similar to those in the case at bar, were not in accordance with the proper construction of the section. This departmental construction, apparently adopted by Congress, while not conclusive, is yet persuasive. Luckenbach S. S. Co. v. United States, 280 U. S. 173, 50 S. Ct. 148, 74 L. Ed. 356."

It is true that in that case the affiliated corporations were *required* by the Revenue Act of 1918 to make consolidated return, whereas in the case at bar affiliated corpora-

tions under the Revenue Act of 1921 *had an option* whether to proceed on the separate return basis or on the consolidated return basis, but this difference in the laws, in our opinion, is not material. The broad question determined in the Fidelity Company Case was that a taxable year was divisible as far as making returns was concerned, where corporations were affiliated for only a portion of the year. We see no reason for changing that holding.

Assuming it to be correct, and applying it to the case at bar, the two corporations in question had an option as to the portion of the year 1922 in which they were affiliated either to make separate returns or a consolidated return. They made separate returns. That action on their part was an election; and, having made an election of separate returns, they could not for the next year, 1923, make a consolidated return except by permission of the Commissioner, because section 240(a) of the Revenue Act of 1921 (42 Stat. 260) provides: "If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner." We think, therefore, that the two corporations were required to make separate returns for the year 1923, no permission to change having been granted by the Commissioner.

The order of the Board of Tax Appeals is reversed, with instructions to affirm the order of determination made by the Commissioner.