## PATENT ROYALTIES CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 244.

Circuit Court of Appeals, Second Circuit.

June 12, 1933.

L. HAND, Circuit Judge, dissenting.

Maurice Finkelstein, of New York City, for petitioner.

Sewall Key and Francis H. Horan, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Patent Royalties Corporation and Holed-Tite Packing, Inc., were affiliated throughout the year 1927. Section 240 (a) of the Revenue Act of 1926 (44 Stat. 46), 26 USCA § 993 (a), permits affiliated corporations to make separate returns, or, under regulations prescribed by the Commissioner, to make a consolidated return. It further provides:

"If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the commissioner."

The question presented by this appeal is whether, under the facts found by the Board, the petitioner's tax for 1927 should be assessed upon the basis of a consolidated return or of separate returns by the two affiliates.

Patent Royalties Corporation was incorporated on January 5, 1927, and has established the calendar year as its accounting period. Holed-Tite Packing, Inc., had been in existence for several years and had established as its taxable year a fiscal year ending July 31st. Upon the formation of the petitioner it was determined to file a consolidated return for both corporations on the calendar year basis. This was important because the business was so divided between them that the new company received practically all the income and the old company had practically all the expenses. Adopting what was believed to be the appropriate procedure for carrying out this purpose, Holed-Tite Packing, Inc., on September 20, 1927, filed a return for its fiscal year ending July 31, 1927, and at the same time applied to the Commissioner for permission to change its accounting period in order that the two corporations might file a consolidated return at the end of 1927. Its letter read as follows:

"The Patent Royalties Corp., incorporated January, 1927, took over royalty contracts held by Holed-Tite Packing, Inc., * * * Inasmuch as the companies are affiliated it is desired to file consolidated reports at the end of the first calendar year of the new Company.

"In order to do so, permission is requested for the Holed-Tite Packing, Inc., to file for the period August 1, 1927, to December 31, 1927, at which time the affairs of the two companies will be filed in a consolidated report."

Instead of replying that the proper procedure was for the old company to file a separate return for the period ending December 31, 1926, and both companies make a consolidated report for the entire year 1927—which is the position now taken by the Commissioner—he replied that permission to

change its accounting period was granted and that a return for the last five months of 1927 would be required. On March 15, 1928, a consolidated return was filed which included the income of the petitioner for the calendar year 1927 and the income of the old corporation for the last five months of that year. This consolidated return and the aforesaid separate return of Holed-Tite Packing, Inc., for the fiscal year ending July 31, 1927, were considered together by the taxing officials. They decided that, since the corporations were affiliated during the entire year 1927, assessment should be on the basis of consolidation throughout the year. This resulted in a deficiency which was paid by the petitioner. Thereafter, however, the matter was reconsidered by the Commissioner and the theory adopted that the tax liability of the two corporations must be determined on the basis of separate returns for the year 1927, because Holed-Tite Packing, Inc., filed a separate return for the fiscal year ending July 31, 1927, and thereby elected for both corporations the basis of separate returns. On October 4, 1930, the deficiency notice was mailed that gave rise to the present proceeding.

The Board of Tax Appeals adopted the Commissioner's theory and confirmed the deficiency. In so doing it treated the letter of September, 1927, as merely a request to change the old company's accounting period to the calendar year basis from and after December 31, 1927. This is a complete misinterpretation of it. That letter clearly expressed an election to file a consolidated return "at the end of" (that is, for) "the first calendar year of the new Company," and, "in order to do so," requested permission to change the accounting period of the old company in the manner suggested. The manner suggested was inappropriate for the purpose stated, and the separate return filed contemporaneously with the letter was for the wrong period; but it must have been apparent that this was due to the taxpayer's misunderstanding of the proper procedure to accomplish its stated purpose. The mistake did not in any way mislead the taxing officials. Indeed, when they came to examine the returns, they attempted to correct it and allocated to the consolidated return for 1927 the income of Holed-Tite Packing, Inc., for the first seven months of that year as disclosed in its separate return for the fiscal year ending July 31st. Under these circumstances to hold the filing of that return a binding election precluding taxation upon the basis of consolidation, is to view the situation with a technicality which we cannot sanction. The statute gave the affiliates an election to make return either on the basis of a consolidated return or of separate returns. Their intention to elect the consolidated basis was disclosed to the Commissioner, and the old company made a patent mistake in the period covered by its separate return in its attempt to change from a fiscal to a calendar year period of accounting for 1927. The Commissioner was not misled thereby, and no sound reason can be advanced why such a mistake should be irrevocable and thus be used to entitle the government to taxes which otherwise it concededly could not claim. Cf. Pittsburgh Gasoline Co. v. Com'r, 21 B. T. A. 297; Torrington Co. of Conn. v. Com'r, 21 B. T. A. 1431; Dexter Sulphite Pulp & Paper Co. v. Com'r, 23 B. T. A. 227. None of the cases which have held the filing of a separate return by one of the affiliates to constitute a binding election, covers such a case as this where contemporaneously with the return there was filed the statement of an intent to elect for consolidation and the separate return was plainly filed under a mistake of law as to the proper period to be covered by it. See Lucas v. St. Louis Nat. Baseball Club, 42 F.(2d) 984 (C. C. A. 8); Duke Power Co. v. Commissioner, 44 F.(2d) 543 (C. C. A. 4); Alameda Inv. Co. v. McLaughlin, 33 F.(2d) 120 (C. C. A. 9); Rose v. Grant, 39 F.(2d) 340 (C. C. A. 5). The following cases, though not precisely in point, in principle favor the petitioner: Morrow, Becker & Ewing, Inc., v. Commissioner, 57 F.(2d) 1 (C. C. A. 5); Lucas v. Sterling Oil & Gas Co., 62 F.(2d) 951 (C. C. A. 6). The order of the Board is reversed.

L. HAND, Circuit Judge (dissenting).

I see no reason to suppose that, when the Holed-Tite Company declared that it and the petitioner meant to file a consolidated return for the year 1927, the two companies had any other purpose than to file the report which they did in the following March. That was a report of the petitioner's income for twelve months and the Holed-Tite's income for five. At least the petitioner has not shown that the intent declared in the letter was different from that evinced in the return. Such a consolidated return was not within their statutory privilege; it should have been for a whole year. Lucas v. St. Louis Baseball Club, 42 F.(2d) 984 (C. C. A. 8). In effect we are saying that the general intent to file a consolidated return should prevail over the specific intent manifested. It seems to me that

582

the case is to be judged exactly as though the letter had not been written. Should we in that case allow two companies, which had filed two returns, a separate return for seven months, and a joint return for twelve and five months, to demand that the two returns should be consolidated? I am disposed to say that the privilege must be exercised as prescribed by law or that it is lost. It is a favor, and the taxpayers must bring themselves within its tenor. Certainly they may not change their election, once it has been made. Buttolph v. Commissioner, 29 F.(2d) 695 (C. C. A. 7); Rose v. Grant, 39 F.(2d) 340 (C. C. A. 5). Morrow v. Com'r, 57 F. (2d) 1 (C. C. A. 5), is to the contrary, but the facts were very exceptional. This case is not quite like those, I agree; nevertheless, the actual election here was not to file a true consolidated return, but a return which the law did not allow. I should not call that an election to file a consolidated return. For this reason I think that the Board was right, though I acknowledge that the case is a hard one.