## DR. PEPPER BOTTLING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7039.

Circuit Court of Appeals, Fifth Circuit.
March 24, 1934.

Llewellyn A. Luce, of Washington, D. C., for petitioner.

Frank J. Malloy, Asst. Atty. Gen., Sewall Key and Walter L. Barlow, Sp. Assts. Atty. Gen., E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and Christopher A. Ray, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

By petition for review of an order of the Board of Tax Appeals redetermining a deficiency in federal income tax against the petitioner for the period from January 4, 1926, to December 31, 1926, petitioner, Dr. Pepper Bottling Company, complains of a ruling of that Board that the filing by Dr. Pepper Company in September, 1926, of a separate income tax return for the period from January 1, 1926, to June 30, 1926, operated as a choice, binding upon the petitioner, to file a separate return for that year, instead of a consolidated return for Dr. Pepper Company, the petitioner and Circle "A" Ginger Ale Company.

The Dr. Pepper Company (herein referred to as the parent company) was organized as a corporation in July, 1923, to engage in the manufacture, bottling, and distribution of soft drinks. It adopted a fiscal year ending June 30th, for accounting purposes, and filed its income tax returns upon that basis. The petitioner and Circle "A" Ginger Ale Company were incorporated on January 4, 1926, and the entire capital stock of each of those corporations then was issued to the parent company in exchange for the assets transferred by the parent company to those corporations, respectively. In September, 1926, the parent company filed its income tax return for its fiscal year ending June 30, 1926. That return did not include the earnings of the petitioner or Circle "A" Ginger Ale Company, and the answer to the question embodied in the return, "Is this a consolidated return?" was "No." On October 21, 1926, the parent company made application to the Commissioner of Internal Revenue to change its accounting period from the taxable year ending June 30th to the taxable year ending December 31, 1926. Question 5 contained in that application and the answer thereto were as follows: "5. If a corporation, was a consolidated return filed for the taxable year 1922 or thereafter? No. If the answer is 'Yes' list on the reverse side the names of the corporations composing the affiliated group." Question 8 contained in that application and the answer thereto were as follows: "8. Give reasons why the change is desired. We are manufacturers of carbonated beverages. June 30 comes during the period of greatest business, while at December 31 the business is light, and we wish to close our books after the summer and fall business." That application of the parent company was granted by the Commissioner of Internal Revenue on November 6, 1926. The parent company and its subsidiaries, the petitioner and Circle "A" Ginger Ale Company, on March 15, 1927, filed a consolidated income tax return, including therein the gross income and deductions of the parent company for the six months ending December 31, 1926, and the gross income and deductions of petitioner and Circle "A" Ginger Ale Company for the period from January 4, 1926, to December 31, 1926. The findings of fact made by the Board of Tax Appeals included the following: "Upon their incorporation each subsidiary adopted the calendar year as its accounting period. The officers of the three affiliates intended and

desired to make the corporate income tax returns upon a consolidated basis, and petitioner has consistently filed its returns upon that basis."

Section 240 (a) of the Revenue Act of 1926 (44 Stat. 46) provides as follows: "Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this chapter, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the commissioner." 26 USCA § 993 (a). Article 632 of amended Treasury Regulations 69, promulgated under the Revenue Act of 1926, contains the following: "Affiliated corporations as defined by section 240 (d) and the second sentence of article 633, irrespective of the basis upon which returns were filed for 1925 under section 240 (a) of the Revenue Act of 1926, may for 1926 elect to make separate returns or file a consolidated return in which will be reported the consolidated net income of the affiliated group. If return is made upon either of these bases for 1926, all subsequent returns must be made upon the same basis except as permission to change may be granted by the Commissioner."

■■ Where one of several affiliated corporations, especially if it is the one having dominant control, elects to file a separate income tax return by filing such a return, the other affiliated corporations are deprived of the right to file a consolidated return in the absence of a granting by the Commissioner of Internal Revenue of a permission to do so. Duke Power Co. v. Commissioner of Internal Revenue (C. C. A.) 44 F.(2d) 543, certiorari denied 282 U. S. 903, 51 S. Ct. 217, 75 L. Ed. 795. The right of choice or election to file one or the other kind of return is exercised by filing the return. Radiant Glass Co. v. Burnet, 60 App. D. C. 351, 54 F.(2d) 718; Lucas v. St. Louis National Baseball Club (C. C. A.) 42 F.(2d) 984; Rose v. Grant (C. C. A.) 39 F.(2d) 340. There was no necessity or occasion for the parent company filing a separate return for the six months ending June 30, 1926, as it was open to it, upon the granting of an application by it for permission to do so, to file a consolidated return for itself and its affiliates for the part of the fiscal year ending June 30, 1926, during which the affiliation existed. Lucas v. St. Louis National Baseball Club, supra. Instead of applying for such permission, the parent company filed a separate return, and when thereafter it sought permission to change to the calendar year method of reporting income, its answers to questions contained in its application indicated the absence of any intention or desire to file a consolidated return instead of a separate one.

The petitioner contends that the filing of the above-mentioned consolidated return should be treated as rightful, notwithstanding the filing by the parent company of its separate return for the fiscal year ending June 30, 1926, and though, prior to the filing of the consolidated return, no permission for the parent company to change from a separate return basis to a consolidated return basis was applied for or granted by the Commissioner of Internal Revenue. For support of this contention the petitioner relies principally upon the decision in the case Patent Royalties Corporation v. Commissioner of Internal Revenue (C. C. A.) 65 F.(2d) 580. The facts of that case clearly distinguish it from the instant one. The facts in the cited case were that after two corporations became affiliated during the year 1927, one of them, which was incorporated prior to 1927, and had established as its taxable year a fiscal year ending July 31st, filed a separate return for part of the year 1927, which return was accompanied by an application to the Commissioner for permission for the applicant to change its accounting period, which application contained the statement: "Inasmuch as the companies are affiliated it is desired to file consolidated reports at the end of the first calendar year of the new Company." The court, after holding that the separate return filed was improper because it was filed for the wrong period, decided that the mistake did not in any way mislead the taxing officials, and that that mistake did not have the effect of depriving the affiliated corporations of the right to file a consolidated return for the calendar year 1927, as their intention to elect the consolidated basis was disclosed to the Commissioner when the improper separate return was mistakenly filed. In the instant case the parent company, then knowing the facts relative to its association and affiliation with its subsidiaries, and being chargeable with knowledge of the applicable law and regulations, filed a separate return for the fiscal year ending June 30, 1926, without intimating to the Commissioner of Internal Revenue or any other tax official that it desired or intended to

file a consolidated return, and later, without disclosing an intention to file a consolidated return, applied for and obtained permission to change its accounting period from the taxable year ending June 30th to the taxable year ending December 31, 1926. The filing thereafter of the above-mentioned consolidated return without applying for or obtaining permission to do so involved a flagrant disregard of the following provision of the above referred to regulation: "If return is made upon either of these bases for 1926, all subsequent returns must be made upon the same basis except as permission to change may be granted by the Commissioner," which provision is substantially the same as the concluding provision of the above set out statute. The above set out finding as to the officers of the three affiliates intending and desiring to make the corporate income tax returns upon a consolidated basis did not indicate that the fact that the officers mentioned so intended or desired was disclosed to the Commissioner of Internal Revenue or any other taxing official. Nothing contained in the record indicates that prior to the filing, as above stated, of a consolidated return on March 15, 1927, there was a disclosure or intimation to any taxing official of a purpose or desire of the affiliates, or any one of them, to file a consolidated return. Recognition of an undisclosed desire or purpose of a taxpayer to change the basis of his income tax return as a substitute for the granting by the Commissioner of Internal Revenue of permission to do so is inconsistent with due effect being given to the concluding provision of the above set out part of Article 632 of amended Treasury Regulation 69.

Counsel for the petitioner, for support of its contention, invokes also decisions in Lucas v. Sterling Oil & Gas Co. (C. C. A.) 62 F. (2d) 951, and Morrow, Becker & Ewing, Inc., v. Commissioner (C. C. A.) 57 F.(2d) 1. In the first cited of those two cases the original return was filed without complete knowledge of material facts and an amendment of that return after the taxpayer had ascertained pertinent facts not known to him when the original return was made was held to be permissible, emphasis being laid on the fact that the result was the same under both the original and the amended returns, there being no taxable income in either instance. In the instant case it was not made to appear that the making of the separate return by the parent company was influenced by any mistake of fact or lack of knowledge of any material fact, it being inferable that the parent company, with full knowledge of pertinent facts,

elected to file a separate return covering a period during which the affiliation existed. In the last-cited case the income tax return of a taxpayer who was engaged in selling real estate on an installment plan was made soon after the enactment of the statute under which it was made, which statute substantially changed the pre-existing law, and before the adoption of Treasury Regulations, authorized by that statute, for carrying out provisions of the new statute as to the basis for determining profits and losses on installment sales of real estate. The court decided that an amendment of the return to make it conform with regulations adopted after the return was made was permissible. The state of facts dealt with in that case is so different from the state of facts presented in the instant case that the ruling in the former is not pertinent to the question presented in the latter.

For reasons above indicated, we conclude that petitioner was not entitled to have its income tax for the period from January 4, 1926, to December 31, 1926, assessed upon the basis of the above-mentioned consolidated return made by the petitioner and its two affiliates on March 15, 1927, without permission to make such return having been applied for and granted, and after the parent company had filed a separate return for part of the calendar year during which the affiliation existed.

The petition is denied.