## CONNERY COAL & INVESTMENT CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5752.

Circuit Court of Appeals, Seventh Circuit.
June 17, 1936.

486

M. F. Gallagher, E. B. Wilkinson, S. M. Rinaker, and Arthur R. Hall, all of Chicago, Ill., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and S. Dee Hanson, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner seeks a review of the decisions of the Board of Tax Appeals which approved assessments of deficiencies in income taxes for the years 1927 and 1929 in the respective amounts of $39,511.33 and $11,411.36. It presents the questions: (a) Whether petitioner and Miami Coal Company were so affiliated in 1927 as to be entitled to file a consolidated tax return; (b) whether the refusal of the Commissioner to allow the two companies to file such return was, in view of the facts, a bar to petitioner's request in that respect; and (c) whether the two companies were entitled to consolidate their accounts for the purpose of making income tax returns in either of the two years.

Petitioner was chartered August 5, 1925, to own and develop coal lands and make other investments. Its stock was owned, in equal amounts, by two brothers, John T. Connery and James P. Connery. In 1925 and 1926 it purchased 7,169.77 acres of coal land at $25 an acre, or $184,-321.32. On July 18, 1927, it sold the entire acreage to the Miami Company for $724,287.78, resulting in a capital gain of $532,264.68. It was because of this profit that the deficiency tax for 1927 was levied, and in the absence of propriety of consolidation of accounts or of right to file consolidated returns the tax is clearly due.

The Miami Coal Company, incorporated in 1901 for the purpose of producing and selling coal, issued 3,500 shares of common stock, the holders of which, in June, 1923, executed an indenture of trust whereby they assigned all of the stock to the two Connerys as trustees, who thereby obtained the legal title to all of the stock, with full and sole right to vote the same and to exercise all the rights, powers, and privileges of stockholders. The trustees were obligated to collect all dividends and disburse same to the beneficiaries, to whom they issued beneficial trust certificates in accordance with their respective holdings. At the time of the creation of the trust, 1,846½ shares were owned by John T. Connery and James P. Connery, 800 shares by members of their family, and the balance by parties closely associated with the Connerys.

It is the contention of petitioner that by virtue of these facts the two Connerys became the legal owners of all of the stock of each corporation, in one case owning the same outright and in the other holding the same as trustees for themselves and others; and that, consequently, the two corporations are within section 240 (d) of the Act of 1926, c. 27, 44 Stat. 9, 46, which provides that two or more domestic corporations shall be deemed to be affiliated if at least 95 per cent. of the stock of each is owned by the same interests. If they are so affiliated, they may file a consolidated return; and petitioner insists, therefore, that inasmuch as the legal title to all the stock in each of the two corporations was in the same parties they were entitled to file a consolidated return, as a result of which there would be no capital gain in the transaction above mentioned.

For 1925 and 1926 the two companies filed separate income tax returns. For 1927 the Miami Company filed a consolidated return, and included therein the report of petitioner. This return reflected a net loss. The Commissioner held that the two companies were not affiliated within the meaning of the statute, and refused to allow them to file a consolidated return.

Article 632 of Regulations 69 of the Internal Revenue Department provides that affiliated corporations may elect to make separate returns or to file a consolidated return and that if a return is made upon either of these bases all subsequent returns must be made upon the same basis "except as permission to change may be granted by the Commissioner." This permission the Commissioner never gave.

The two companies requested the Commissioner, on March 12, 1928, to consolidate the accounts of the two companies as provided in the Revenue Act of 1926, c. 27, 44 Stat. 9, 46, § 240 (f), wherein it is provided that in any case of two or more related trades or businesses controlled by the same interests, the Commissioner may and at the request of the taxpayer shall, if necessary in order to make an accurate apportionment of gains, profits, income, deductions, or capital between the related trades or businesses, consolidate the accounts of the same. Such consolidated accounts, if allowed, would have resulted in no tax.

On March 15, 1930, the Miami Company filed with the collector a consolidated return for 1929, which disclosed a consolidated net loss. On separate returns there would have been a net income of over $100,000 for the petitioner and a loss of over $300,000 for the Miami Company. Again the two companies requested the Commissioner to consolidate their accounts. The Commissioner denied the request and assessed a tax against petitioner based upon its individual profit.

[1-4] We believe the question of whether the two companies were affiliated in 1927 is definitely decided by Handy & Harman v. Burnet, 284 U.S. 136, 52 S.Ct. 51, 76 L.Ed. 207, under which the Supreme Court indicates that, for the purpose of tax assessment, the ownership of the stock in a company, though in the names of trustees, is in effect in the beneficiaries. See, also, Commissioner v. Hirsch & Co., 30 F.(2d) 645 (C.C.A.2). Irrespective of the correctness of the application of that decision to the present case, however, the difficulty presents itself that, in view of the fact that petitioner and the Miami Company had in previous years filed separate returns, the two companies were not thereafter entitled to change their system and file a consolidated return except as permission to change might be granted by the Commissioner. In the absence of such permission, taxpayers may not alter their bases for returns. Buttolph v. Commissioner, 29 F.(2d) 695 (C.C.A.7); Dr. Pepper Bottling Co. v. Commissioner, 69 F.(2d) 768 (C.C.A.5); Lucas v. St. Louis National Baseball Club, 42 F.(2d) 984 (C.C.A.8). There is no restriction upon the authority of the Commissioner to grant or withhold such permission. His power in that respect is unlimited and courts may not disregard the same, whether it be exercised arbitrarily or not.

But petitioner seeks to avoid this result because, it says, the reason for the refusal of permission by the Commissioner was erroneous, namely, that the companies were not affiliated; and it relies upon that rule of law which has its basis in estoppel, to the effect that where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and a different consideration. Ohio & M. Railway Co. v. McCarthy, 96 U.S. 258, 24 L.Ed. 693; Alabama Chemical Co. v. International Agricultural Corporation (C.C.A.) 35 F.(2d) 907; Davis v. Wakelee, 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed. 578. It seems to us, however, that this proposition is not applicable to the present situation. The Commissioner may refuse or grant permission as he sees fit; his action is not subject to review; he may reverse an earlier ruling, or decide a question differently for a prior year. The statute puts the burden upon the taxpayer. He must obtain the permission of the Commissioner. He may not change his basis of return unless he obtains such permission. Irrespective of motives, the reasonableness or the unreasonableness, or the arbitrary character of the Commissioner's action, until the taxpayer receives permission there is no right in existence. It follows that, inasmuch as the two companies had made separate income tax returns in preceding years, even though they were affiliated, they were not entitled to file a different sort of return unless they obtained permission from the Commissioner so to do. Having failed in their efforts in this respect, they were without right to file a consolidated return.

Nor can we say that the taxing authorities were in error in refusing to permit the accounts of the two companies to be consolidated for the year 1927. Under the statute then prevailing the Commissioner was under compulsion to allow such consolidated accounts if necessary to make an accurate apportionment. Whether such action was necessary is a question of fact to be determined from all the evidence. The Board found that the only transaction between the two companies was that of sale of the coal land; that petitioner sold the land at the same price at which the

Miami Company had agreed to put the same into a merger of various companies; that the two corporations kept separate books of account; and that there was no showing of inequity or disproportion such as required by the statute to warrant relief.

The record discloses no showing of abuse on the part of the Commissioner. In Nowland Realty Co. v. Commissioner, 47 F.(2d) 1018, 1021 (C.C.A.7), this court said: "It is not perfectly clear from a reading of section 240 (d), Act of 1924 (26 U.S.C.A. § 993 note), to what extent a court may review the action of the commissioner to ascertain whether a fact situation exists which makes it necessary to consolidate accounts in order to make an accurate distribution of profits. What is meant by the word 'accurate' as used in the statute? Who determines whether a consolidated statement depicts more accurately distribution or apportionment of gains than two independent statements? While we are not inclined to deny to the board or to this court the right to review the ques-

tion presented by this test, yet obviously there is, we think, some discretion left in the commissioner, and the exercise of that discretion can only be disturbed when an abuse of it is shown."

We believe the findings and conclusions of the Board were justified by the stipulated facts, and under these circumstances they will not be disturbed on review. Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289.

The Board made the same findings as to the transactions in 1929. There petitioner's income was realized from the sale of its own securities not made to the coal company but to other parties. There were no intercompany relations. The Act of 1928 (45 Stat. 795) gives the Commissioner authority to permit consolidation of accounts, but grants to him a discretion in the premises; and under the authorities cited we believe his discretion was not abused.

The decisions of the Board of Tax Appeals are affirmed.